UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

DARYL LAUNE DAVIS,
            *Defendant-Appellant.*

No. 01-4152

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-00-65)

Submitted: February 26, 2002

Decided: March 19, 2002

Before WILLIAMS, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

James T. McBratney, Jr., MCBRATNEY LAW FIRM, Florence, South Carolina, for Appellant. Alfred William Walker Bethea, Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Daryl Laune Davis appeals his conviction and the sentence imposed by the district court following his guilty plea to conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999). Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states there are no meritorious issues for appeal, but raises three issues on Davis' behalf. Davis has not filed a pro se supplemental brief, although he was informed of his right to do so. Finding no reversible error, we affirm.

Davis first contends his Fed. R. Crim. P. 11 hearing was inadequate. This court generally reviews the adequacy of a guilty plea de novo, but in the Rule 11 context, violations are evaluated for harmless error. *United States v. Damon*, 191 F.3d 561, 564 n.2 (4th Cir. 1999) (citing *United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995)). A careful review of the record shows no error, harmless or otherwise.

Davis next contends the district court erred in determining the amount of crack cocaine for which he could be held accountable. The district court's determination of the drug amount attributable to the defendant for guideline sentencing purposes is reviewed for clear error. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). A review of the record shows the quantity of crack for which Davis was held responsible was reasonably foreseeable by him. *See U.S. Sentencing Guidelines Manual* § 1B1.3(a)(1)(B) (1998). Thus, the district court did not err.

Finally, Davis contends the district court improperly denied his motion to withdraw his guilty plea. We review for abuse of discretion. *United States v. Wilson*, 81 F.3d 1300, 1305 (4th Cir. 1996). In determining whether the trial court abused its discretion in denying a motion to withdraw a guilty plea, we consider the six factors articulated in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). In this case, the district court considered each of the *Moore* factors and found they did not support Davis' motion. We find no abuse of discretion.

Pursuant to *Anders*, we have reviewed the record and find no error. Accordingly, we affirm Davis' conviction and sentence. Moreover, we deny Davis' pro se motion for a copy of his transcripts at Government expense because Davis is represented by counsel and may obtain the materials he seeks from his attorney. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*